[No. 17251.    Department One.    November 4, 1922.]

AGNES STOCKDALE, *Respondent*, v. THE CITY OF RENTON,
*Appellant*.[1]

MUNICIPAL CORPORATIONS (469)—STREETS—DEFECTIVE SIDEWALK—
CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.   Where a sidewalk
is left open for public travel, a person using it with knowledge of its
general bad condition is not, as a matter of law, guilty of contribu-
tory negligence if walking carefully and· without knowledge of the
particular defect that caused the injury.

TRIAL (116)—INSTRUCTIONS—EFFECT OF CHARGE AS A WHOLE.
Error can not be assigned upon parts of instructions where, taken
as a whole, they are correct.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT.   A ver-
dict for $1,500 for personal injuries sustained through a defective
sidewalk, reduced by the court to $750, is not excessive because
there was no permanent injury, or expense incurred in that sum, if
reasonable in view of compensation for suffering.

NEW TRIAL (13½)—GROUNDS—MISCONDUCT OF JUROR.   A verdict
will not be set aside for misconduct of a juror, as shown by the fact
that he was seen in conversation with one of the principal witnesses,
and warmly congratulated the successful party, where the conduct
was explained in a counter affidavit.

SAME (48-1)—AFFIDAVITS—TIME FOR FILING.   Upon motion for a
new trial, counter affidavits, filed out of time, may be considered.

Appeal from a judgment of the superior court for
King county, Sessions, J., entered December 29, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
in a fall upon a sidewalk.   Affirmed.

*Houser & Davis*, for appellant.

*V. A. Montgomery*, for respondent.

FULLERTON, J.—The respondent, Agnes Stockdale,
while walking on a sidewalk of the city of Renton,
stepped upon a broken board in the walk, and was

[1]Reported in 210 Pac. 360.

thrown down and injured. She brought this action against the city to recover in damages for the injury suffered, and from a verdict and judgment in her favor, the city appeals.

It is first assigned that the court erred in overruling the city's motion for judgment in its favor, made at the close of the evidence and renewed after the return of the verdict. The motion was based on the claim that respondent's evidence so far convicted her of contributory negligence as to require the court to declare, as matter of law, she was not entitled to recover. As a witness on her own behalf, the respondent testified that the accident causing the injury occurred at about eight o'clock in the evening of December 5, 1920, while she was on her way from the business section of the city to her home; that the weather at the time was foggy, the evening quite dark, and the street not very well lighted; that she had traveled over the walk many times and knew that the walk was in a generally bad condition at the place where the injury occurred. She testified further, however, that she was walking carefully because of her knowledge of the bad repair of the walk, and that she did not theretofore know of the existence of the broken board, nor learn of its existence until she stepped upon it at the time of her injury. It appeared, also, elsewhere in the testimony that the street was one left open by the city for the use of the public, and that the particular walk was in daily use by the people of the city.

Under this evidence, we think the court properly submitted the question of the respondent's negligence to the jury. It is no doubt the rule that, where a walk is in such a dangerous condition that no person of ordinary prudence would use it, a recovery will be denied to any person using it with knowledge of

its condition, and it is the rule also that, where a walk contains a particular defect and a person having knowledge of the defect is so far careless as to be injured by it, a recovery will be denied, in the absence of special excusatory circumstances. But where a person is injured by a particular defect in a walk of which he has no knowledge while using it in the ordinary and usual way, it is for the jury to say whether the injured person's negligence contributed to the injury, even though it be shown that the walk is in general bad repair. Mere knowledge on the part of a pedestrian that a walk is in bad repair is not conclusive evidence of his negligence in passing over it. No one is obligated to forego the use of a walk left open for travel merely because it is in bad repair. He is obliged, of course, to use that degree of care and caution commensurate with the danger encountered, but when he does so he is within his rights, and is not charged with contributory negligence as matter of law.

The second objection questions the correctness of certain of the instructions given the jury, but these we shall not review at length. Certain portions of them, standing alone, might be objectionable as too closely approximating the questions which it was the province of the jury to determine, but, as a whole, they clearly and accurately define the issues, and we cannot conclude that the jury were in any way misled.

One of the grounds of the motion interposed for a new trial was excessiveness of the verdict. The verdict was for $1,500, and, in passing upon the motion, the court gave the defendant the option of accepting $750 or submitting to a new trial. The respondent consented to the reduction and judgment was entered in her favor for the amount as reduced. The appellant

insists that the recovery is still excessive and that the respondent, because there was no showing of permanent injury, should receive nothing but compensation for lost time, hospital treatment, and such incidental expenses as followed the injury, which would be much less than the sum recovered. But this does not take into account compensation for the suffering of the injured party. This is a recoverable item of damage, and when added to her actual expenditures necessitated by the injury, does not, in our opinion, render the recovery allowed excessive.

Finally, it is objected that there was such misconduct on the part of a juror as to impeach the verdict rendered. An affidavit was filed averring that one of the jurors was seen, during a noon recess of the court, in conversation with one of the principal witnesses for the defendant, and that this same juror, when the verdict was returned, rushed to the respondent, shook hands with her, and congratulated her upon her success. These acts, if unexplained, would tend strongly to impeach the impartiality of the particular juror, but we find a sufficient explanation in a counter affidavit. It is objected to this affidavit, however, that it came too late, having been filed long after the time in which it was required to be filed. But there is no hard and fast rule in these matters, and since the trial court considered it, we will likewise do so.

The judgment is affirmed.

PARKER, C. J., TOLMAN, and BRIDGES, JJ., concur.